H. FRANK PAYTON *et ux. vs.* LOUISA A. BOWEN.

Under testamentary provisions as interpreted by this court A. took a life estate in all the testator's realty. A. then filed a bill in equity against the testator's widow praying, on the ground of certain agreements and acts of the widow, for a decree against her establishing her election to take certain testamentary provisions in lieu of dower.

*Held,* that an agreement made by the widow relative to the management of the realty and the collection and distribution of the rents could not be held tantamount to an election; the agreement being in disregard of rights and titles under the will, consistent with a claim of either party to ascertain these rights and equally in the widow's power to make after dower had been set out to her.

*Held,* further, that the widow's filing a bill in equity for partition claiming an estate for life under the will in one third of the realty could not be held tantamount to an election; her claiming an estate to which she was not entitled not being a choice between two estates to one of which she was entitled.

*Held,* further, that the widow's filing said bill professedly founded on the will could not be held tantamount to an election of the provisions of the will; such election, if it existed, being made in ignorance of the nature of the estate chosen.

*Held,* further, that the widow's sole occupation and use of the mansion house and furniture could not, under Rhode Island law and in the circumstances, be held tantamount to an election.

An election, to be binding, must be made with a full knowledge of the nature of the estate chosen.

BILL IN EQUITY to affirm an alleged election by a widow of testamentary provision in lieu of dower and for an injunction. On demurrer to the bill.

*February* 9, 1884. CARPENTER, J. The bill alleges that William M. Bowen, deceased, by his last will made certain provisions for the respondent, who is his widow, in lieu of her dower; that she has filed in the Probate Court her refusal to accept the provisions of the will and her demand for assignment of dower, and that proceedings for such assignment are now pending in this court on appeal; that before the filing of such refusal and demand she had elected, by certain acts set out in the bill, to accept the provisions of the will; and prays that the respondent may be decreed to have elected, and for an injunction against the proceedings to set out dower. The respondent demurs.

The complainant Amelia A. Payton takes a life estate, under the will, in all the real estate of the testator. The acts of the respondent, which are alleged to constitute the election, are set out in the bill as follows:

" 4. That she entered into an agreement and arrangement with

your orators to manage a portion of the real estate belonging to the said William M. Bowen at his decease, and to collect the rents thereof, and that your orator should manage the remainder of said estate, and that a division of the net income of the said property should be had between said respondent and your orators from time to time, in accordance with the provisions of said will, but subsequently repudiated and rescinded her said agreement as aforesaid.

" 5. That said respondent thereupon filed a bill in equity against your orators and their children before this honorable court, being No. 2126 of the equity causes, and now on the files of the court, and your orators crave leave to refer to the same and the record thereof ; that in and by the said bill in equity the respondent alleged and claimed that she had in her, under and by the said will of William M. Bowen, deceased, a life estate in one third part of all the real estate of which said Bowen died seized and possessed, and prayed that partition of the same be made to her in severalty. And thereupon upon demurrer of your orators it was ordered, adjudged, and decreed that the said bill be dismissed.[1]

" 6. That ever since the death of said William M. Bowen the said respondent hath been and now is in the sole use, occupation, possession, and enjoyment of the household furniture and of the tenement bequeathed to her in and by said will, using and claiming the same as her own property and accounting therefor to no one, and during part of the time since the death of said William hath let the said tenement and furniture to other persons, collecting the rent therefor and retaining the same."

The will appears, in substance, in the opinion in the case of *Bowen* v. *Payton, ante,* p. 257, lately decided, in which we interpreted the provision made by the will in lieu of dower. We do not think the agreement set out in the fourth clause of the bill can be taken to constitute an election. It was an agreement between all the parties in interest to manage the estate in a manner which then seemed convenient, but in entire disregard of their titles and rights under the will, and therefore cannot be held to have affected those rights by way of election. Indeed, for all we can see, the agreement, even if it were now in force, would be

---

[1] See *Bowen* v. *Payton, ante,* p. 257.

quite consistent with a proceeding by either party to have her interest in the estate ascertained and set out to her. After the dower is set out, it will be competent for the widow, if she should see fit, to enter into an agreement similar to that set out in the bill.

Nor do we think the filing of the bill set out in the fifth clause can be held to constitute an election. Under the will she had the right to take either her dower, or the one third of the net income of the estate. By the bill she demanded an estate for life in one third of the realty. The demand for an interest to which she was not entitled cannot be held to amount to an election to take either one of the two interests to which, in the alternative, she was entitled.

It may be said, however, that the filing of the bill was evidence of an election to accept the provisions of the will, since the demand therein made was professedly based on the devise in the will, and could not on any interpretation of the will be sustained without accepting these provisions. We do not think this view can be sustained. Even if we assume that there was an election, still it is evident that the election was made in ignorance of the nature and quality of the estate or interest which was elected to be taken. Such an election cannot be enforced against the respondent. Story Eq. Juris. § 1098; White & Tudor Lead. Cas. Eq. 510 *sq.; Dillon* v. *Parker*, 1 Swans. 359 and notes; *Kidney* v. *Coussmaker*, 12 Ves. Jun. 136; *Wilson* v. *Thornbury*, L. R. 10 Ch. App. 239; *Bradfords* v. *Kents*, 43 Pa. St. 474; *Davison* v. *Davison*, 15 N. J. Law, 235.

Nor do the acts set out in the sixth clause constitute an election. The widow had the right to remain in the mansion house; Pub. Stat. R. I. cap. 229, § 6; she had the right, without any election, to retain possession of the household furniture, at least until it was claimed by the administrator; and if it be said that the letting of the mansion house was consistent only with an election to claim under the will, still we think, to maintain the bill, it must appear that such an election was made with full knowledge of the quality of the estate or interest so chosen.

The demurrer must be sustained.      *Demurrer sustained.*

*Miner & Roelker*, for complainants.

*James Tillinghast & Nathan W. Littlefield*, for respondent.